# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC THOMAS MYERS, | )<br>)<br>) |
| Petitioner, | )<br>) Civil Action No. 10-252E |
| vs. | )<br>) Magistrate Judge Maureen P. Kelly |
| ARCHIE B. LONGLEY, | )<br>)<br>) |
| Respondent. | )<br>)<br>) |

## **OPINION**

Eric Thomas Myers ("Petitioner"), has filed this Habeas Corpus Petition ("the Petition") under 28 U.S.C. § 2241, seeking to be transferred out of the Federal Correctional Institution at McKean ("FCI-McKean"). During the pendency of the Petition, he has been transferred out of FCI-McKean, a circumstance, which renders the Petition moot. Hence, the Petition must be dismissed as moot.

## I. RELEVANT PROCEDURAL HISTORY AND FACTS

In October 2010, when Petitioner filed the Petition, he was a federal prisoner incarcerated at FCI-McKean. Petitioner complained to the authorities at FCI-McKean that he was at risk of being attacked by fellow prisoners. As a consequence, FCI-McKean authorities placed him in the Special Housing Unit ("SHU"), where he would have to remain for a total of 12 months before he could be transferred out of FCI-McKean to another federal prison where he could be maintained in the general population safely. ECF No. 1 at 1.

In the Petition, Petitioner complained of the conditions of the SHU, including lack of proper medical care, lack of ability to participate in programming, and that the lack of human interaction was negatively impacting his mental health.

By way of relief, Petitioner sought, *inter alia*, an order from this court that would "relieve him of any more unnecessary confinement in SHU's, anymore medical and dental neglect and mental stress, and denial of safely program[m]ing to better himself." ECF No. 1 at 12. Petitioner also filed a Motion for Leave to Amend the Petition. ECF No. 11. In that Motion, he clarified that he would like to be transferred to "somewhere like Ashland KY, or Butner N.C. (low prison) so he has a chance to receive visits from his family and try to strenthten [sic] his family ties." ECF No. 11 at 1. The Court granted the Motion for Leave to Amend by text order dated January 3, 2011. On that same date, the Respondent filed an Answer, raising many defenses. On June 29, 2011, the case was transferred to the undersigned. ECF No. 17. The parties have all consented to the Magistrate Judge's exercise of plenary jurisdiction. ECF Nos. 2, 14.

The Court takes judicial notice of the fact that Petitioner has another habeas corpus petition pending in this Court. Eric Thomas Myers v. Longley, No. 1:10-cv-277-SPB (W.D. Pa.) ("the Second Petition"). In the case of the Second Petition, Petitioner filed a Notice of Change of Address on October 3, 2011, indicating that Petitioner was transferred to the Federal Correctional Institution at Jesup, located in Jesup, Georgia. Id. (ECF No. 15). Petitioner did not also file a change of address notice in this case, perhaps indicating his lack of interest in pursuing this case in light of him obtaining the very type of transfer he sought.

## II. APPLICABLE LEGAL STANDARDS

The "rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed[,]" otherwise the case becomes moot. Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). As the Court of Appeals for the Third Circuit has observed, the "mootness doctrine is centrally concerned with the court's ability to grant effective relief." A.P. Boyd, Inc. v. Newark Public Schools, 44 F.App'x 569, 572 (3d Cir. 2002). "If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot." County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). The issue of mootness may be raised sua sponte by a court. Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).

## III. DISCUSSION

The relief which Petitioner sought was essentially to be transferred out of the Special Housing Unit and not be made to serve all 12 months in SHU and also to be transferred out of FCI-McKean so that he could move to general population in another federal facility, which was apparently closer to his family and where he would not be at risk of an attack by fellow inmates, which was allegedly the case at FCI-McKean. Petitioner has been transferred out of FCI-McKean, and is now incarcerated at the Federal Correctional Institution in Jesup, Georgia. Such a transfer would appear to have mooted the Petition. The rule is that where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the

case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988)("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot."). Petitioner has been released from FCI-McKean, and has been transferred to a federal prison further south which is apparently closer to his family, both of which constitute the very relief that Petitioner sought from this court via the Petition.

Accordingly, the Petition is hereby **DISMISSED AS MOOT**.

BY THE COURT,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: April 17, 2012

cc: ERIC THOMAS MYERS
10552-084
JESUP
FEDERAL CORRECTIONAL INSTITUTION (FSL)
Inmate Mail/Parcels
2600 HIGHWAY 301 SOUTH
JESUP, GA 31599

All Counsel of Record via CM-ECF